/0

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

SEP 0 6 2001

Michael N. Milby
Clerk of Court

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Respondent, | § | |
| | § | |
| vs. | § | C.R. NO. B-00-004 |
| | § | |
| JUNIOR CIRILO CASTRO-RODRIGUEZ, | § | |
| Petitioner. | § | |
| (C.A. NO. B-00-191) | § | |

## RESPONSE AND MOTION TO ORDER HEARING ON MOTION FOR RELIEF UNDER 28 U.S.C. § 2255

TO THE HONORABLE JUDGE OF SAID COURT:

The United States of America, "the government" files this response and motion to order for hearing under 28 U.S.C. § 2255 filed by Junior Cirilo Castro-Rodriguez, "Castro", and in support thereof would respectfully show the court the following:

I.

## JURISDICTION

A. *Procedural history*.

Castro was indicted in the United States District Court for the Southern District of Texas on January 4, 2000. In the indictment, Castro was charged with conspiracy to possess with intent to distribute a controlled substance and with

possession with intent to distribute a controlled substance in violation of 21 U.S.C. §§846, 841(a)(1), and 841)(b)(1)(A) (DOC 1)[1]. On March 7, 13, 14, and 15, 2000, Castro was tried by a jury, resulting in guilty verdicts on both counts (DOC. 46). On June 16, 2000, Castro was sentenced to concurrent 121 month terms of imprisonment to be followed by concurrent five year terms of supervised release (DOC 57). Following his sentencing hearing, the district court admonished Castro of his right to appeal along with the ten day deadline to file notice of appeal (DOC 65, p. 5). The judgement was entered on June 27, 2000 (DOC 59).

No appeal has been filed on behalf of Castro.

Castro timely filed his motion for relief under 28 U.S.C. § 2255, Civil Action No. B-00-191, on December 18, 2000 (DOC 61).

B.   Basis of jurisdiction

Castro invoked this court's jurisdiction under 28 U.S.C. § 2255. A § 2255 motion "provides the primary means of collaterally attacking a federal conviction and sentence." *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000) (citation omitted). Relief under a §2255 motion "is warranted for errors that occurred at

---

[1]The first number in the DOCument cite relates to the number given the document in the criminal docket sheet. The second number within the DOC cite relates to the page number of the document. PSR is the presentence investigation report. PSR.Add. Refers to the addendum to the PSR.

2

trial or sentencing." *Id.* In his petition he alleges four grounds of error: 1) he complains that his right to appeal be restored on the grounds his trial counsel rendered constitutionally infirm assistance by failing to file notice of appeal as directed (Petition p. 5); 2) he complains his trial counsel rendered constitutionally infirm assistance by failing to advise him that his conviction would subject him to removal from the country by I.N.S.; 3). his trial counsel rendered constitutionally infirm assistance by failing to represent him in his removal proceeding; 4). his trial counsel rendered constitutionally infirm assistance by failing to move for a downward departure at sentencing in exchange for his "voluntary departure" and for his "self rehabilitation".

This court is properly vested with jurisdiction under 28 U.S.C. § 2255 for all but one (No. 3 above) of Castro' claims of ineffective assistance of counsel.

II.

FACTS UNDERLYING
THE CONVICTION AND SENTENCE

A.   Sentencing: November 3, 1999.

The facts of the crime are not relevant to this proceeding.

On June 16, 2000, Castro' sentencing hearing was held. The district court sentenced Castro to 121 months imprisonment to be followed by five year terms of

3

supervised release (Docket entry 65, p. 4). Following the assessment of punishment, the district court admonished Castro of his right to appeal and of the ten day deadline for the filing notice of appeal (DOC 65, p. 5).

III.

## CAUSE AND PREJUDICE

To obtain post-conviction relief in a collateral attack, a defendant must show either (1) cause excusing his procedural default and actual prejudice resulting from the alleged error, *see United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594 (1982), or (2) that he is actually innocent. *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc). A showing of cause requires a showing of some external impediment that prevented the petitioner from raising the claim. *See McCleskey v. Zant*, 499 U.S. 467, 497, 111 S.Ct. 1454, 1472 (1991). Even though the law may have been settled against him on an issue, "the futility of raising an objection ... cannot alone constitute cause for a failure to object at trial." *Engle v. Isaac*, 456 U.S. 107, 130, 102 S.Ct. 1558, 1573 (1982).

"'Actual innocence' means 'factual innocence, and not mere legal insufficiency.'" *Bousley v. United States*, 523 U.S. 614, 623-24, 118 S.Ct. 1604, 1611-12 (1998); *United States v. Torres*, 163 F.3d 909, 911 n.9 (5th Cir. 1999). To prove actual innocence, the petitioner "must demonstrate that, in light of all the

4

evidence, it is more likely than not that no fact finder would have convicted him." *Id.* (citations and quotations omitted). Castro makes no such claims. The cause-and-prejudice standard is met by allegation and proof of ineffective assistance of counsel in certain circumstances. *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996). Here, as in *Smith,* 2001 WL 111590 * 2., Castro claims he directed his trial counsel to file notice of appeal. If this were true, it would satisfy the "cause & prejudice" components excusing him from failing to raise this issue on direct appeal.

Failing demonstration that he directed his attorney to file notice of appeal, to show prejudice, Reyes must meet a higher standard higher even than plain error. *Smith*, ___ F.3d at ___, 2001 WL 111590 *1. He must show "not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage." *Frady*, 456 U.S. at 170, 102 S.Ct. at 1596 (emphasis in original). Here, Castro cannot meet that burden. As discussed below, his claims are without factual proof or legal basis. He can demonstrate no prejudice.

IV.

LEGAL PRINCIPLES GOVERNING INEFFECTIVE ASSISTANCE.

Ineffective assistance of counsel claims are generally reviewed under the now well-established *Strickland* standard: "Whether counsel's conduct so undermined

the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington,* 466 U.S. 668, 686, 104 S.Ct. 2052, 2064 (1984); *Roe v. Flores-Ortega,* _ U.S. _, 120 S.Ct. 1029, 1034 (2000). To succeed on such a claim, a petitioner must first show that his counsel's performance fell below an objective standard of reasonableness. *Id.* at 688, 104 S.Ct. at 1064. The reasonableness of counsel's challenged conduct must be judged "on the facts of the particular case, viewed as of the time of counsel's conduct" and the reviewing court "must strongly presume that counsel has exercised reasonable professional conduct." *United States v. Samples,* 897 F.2d 193, 196 (5th Cir. 1990)(citations omitted).

### A. Sentencing errors

In the context of sentencing errors, the petitioner must show that he was prejudiced by counsel's ineffective assistance. The prejudice prong, however, is more than just an outcome determinative test; it requires the petitioner to demonstrate that the result of the proceeding was fundamentally unfair or unreliable. "Unreliability or unfairness does not result if the ineffectiveness of counsel does not deprive the defendant of any substantive or procedural right to which the law entitles him." *Lockhart v. Fretwell,* 506 U.S. 364, 372, 113 S.Ct. 838, 843-44 (1993); *Goodwin v. Johnson,* 132 F.3d 162, 174 (5th Cir. 1998).

To prevail on his claims, Castro must identify the acts or omissions that are outside the wide range of professionally competent assistance and then demonstrate that but for counsel's unprofessional errors the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694, 104 S.Ct. at 2068. A reviewing court must endeavor to eliminate the distorting effects of hindsight and evaluate the facts from counsel's perspective at the time of trial. To this end the court will indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance. *Id*.

The burden falls on the accused to prove a violation of constitutional standards. The focus is on the attorney's impact on the adversarial process; the constitutional standards may be met irrespective of an accused's evaluation. *United States v. Cronic*, 466 U.S. 648, 104 S.Ct. 2039 (1984).

Even if Castro demonstrates that his counsel provided constitutionally infirm representation, Castro must also demonstrate prejudice. Although Castro need not demonstrate that, absent the error, his sentence would have been "significantly less harsh", he must demonstrate prejudice. "Authority does not suggest that a minimal amount of additional time in prison cannot constitute prejudice. Quite to the contrary, our jurisprudence suggests that any amount of actual jail time has Sixth Amendment significance". *Glover v. U.S.* 531 U.S. 198, *203, 121 S.Ct. 696,

7

**700 (2001).

### B. Loss of appellate rights

Regarding Castro's "loss" of appellate rights, although "ineffective assistance" claims under *Strickland* typically require the petitioner to demonstrate prejudice as a result of counsel's deficiency, in the context of this claim, the only prejudice required is the loss of the right to appeal. *Rodriguez v. United States*, 89 S.Ct. 1715, 1717 (1969).

Here, the government believes the record will demonstrate Castro made a deliberate decision to not appeal prior to the expiration of his ten day deadline. If the final record reveals that Castro did not direct his trial counsel to file notice of appeal, Castro' claim fails on this point. If the court concludes Castro did direct his trial counsel to file notice of appeal within the time period provided, Castro' right to appeal should be reinstated. *United States v. Clark*, 193 F.3d 845, 847 (5th Cir. 1999), *United States v. Gipson*, 985 F.2d 212, 216 (5th Cir. 1993).

A Section 2255 Motion requires a hearing unless the files, the motion, and the record of the case conclusively show that no relief is appropriate. 28 U.S.C. § 2255 (foll.), Rule 8(a). *United States v. Santora*, 711 F.2d 41 (5th Cir. 1983). The need for an evidentiary hearing depends upon an assessment of the record. If the district court cannot resolve the allegations without examining evidence beyond the record,

8

such as a credibility analysis, it must hold a hearing. If the record is adequate to fairly dispose of the allegations, the court need inquire no further. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990).

## IV.

## MOTION FOR HEARING

A. <u>Castro's factual claims and ground for relief</u>.

    1. <u>Ineffective assistance</u>

        1. <u>Failing to file Notice of Appeal</u>

Castro proceeds from the proposition that he directed his attorney to file notice of direct appeal and his attorney failed to do so. His trial attorney has apparently declined to provide an affidavit on this matter.

As Castro's instant claim requires a credibility analysis by the court, and his trial counsel's position remains unspoken, prudence would dictate an evidentiary hearing on the matter. *United States v. Giacomel*, 153 F.3d 257, 258 (5th Cir. 1998).

        b. <u>Failing to advise on collateral consequences of conviction</u>

Castro alleges his trial counsel provided him constitutionally infirm representation in not advising him that his conviction could result in his removal from the country. Although Castro is entitled to "effective assistance" of counsel

9

in determining whether to plead guilty, Castro does not explain how he was prejudiced by his counsel's "failure". *Childress v. Johnson*, 103 F.3d 1221, 1227 (5th Cir. 1997). As Castro was convicted at trial, Castro can not demonstrate that he plead guilty ignorant of collateral consequences of his plea. For this information to potentially affect any of Castro's decisions, his counsel would have had to supply it to him prior to Castro's commission of the offense, something beyond even the most diligent counsel's power.

    c. <u>Failure to represent him at his removal hearing</u>

Castro complains his retained counsel failed to represent him at his I.N.S. removal proceedings, following his instant conviction. This claim is not cognizable under §2255. *U.S. v. Segler*, 37 F.3d 1131, 1136-37 (5th Cir. 1994). Claims under § 2255 are limited to those relating to unlawful custody as the result of a federal conviction. Castro does not allege herein that his custody as the result of his federal conviction is unlawful. Similarly, he fails to sustain his burden in establishing prejudice under *Strickland*, as he fails to allege or demonstrate that the harm emanating from his counsel's failure to represent him in an I.N.S. matter relates to his imprisonment resulting from his criminal conviction. *Id.* at 1137.

    d.    Castro alleges "ineffective assistance" in his trial counsel failing to obtain a downward departure for Castro's "voluntary departure" and for pre

10

sentence self rehabilitation. Castro does not cite any factual basis nor legal authority for his arguments.

1. <u>Voluntary departure</u>

Even if Castro's claim were true that prior to his sentencing he was willing to commit to "voluntarily depart" the United States, presumably following the completion of his sentence, such willingness represents merely a self serving "dodge" of deportation and represents no benefit to the United States to justify a downward departure. His offer would be made even more hollow by virtue of the fact that with his drug conviction he is ineligible for "voluntary departure". *Prasad v. I.N.S.*, 47 F.3d 336, 340 (9th Cir. 1995).

With the streamlining of the law for the "removal" of aliens in 1996 in the Illegal Immigration Reform and Immigration Responsibility Act of 1996, the burden upon the Government in deporting and removing aliens was greatly reduced, to the effect that voluntary deportation ceased to be a significant benefit to the government. Not even "Stipulation of deportation" represents a justifiable basis for departure. *United States v. Galvez-Falconi*, 174 F.3d 255, 259 (2nd Cir. 1999).

2. <u>Presentence rehabilitation</u>

Castro claims that prior to sentencing he made efforts to rehabilitate himself. Castro does not suggest what such efforts entailed or what progress he reached. A

11

downward departure for presentence rehabilitation, although contrary to the philosophy of the Sentencing Guidelines, is not specifically prohibited in this Circuit. "[T]he Sentencing Guidelines reject the rehabilitation model as a valid penological paradigm". *U.S. v. Lara-Velasquez*, 919 F.2d 946, 956 (5th Cir. 1990). "[W]e express no view as to whether a defendant's extraordinary presentence efforts at rehabilitation would warrant a downward departure". *U.S. v. Akin*, 62 F.3d 700, 703 (5th Cir. 1995).

However, Castro has neither alleged nor demonstrated a level of presentence rehabilitation which could be viewed as "extraordinary" by any stretch of the imagination. At sentencing, Castro maintained he was uninvolved in any criminal activity (PSR 16).

As the premises upon which Castro's complaints are based have no legal support, Castro's counsel's performance can not be shown to be deficient under *Strickland*. Since Castro has failed to demonstrate he was eligible for the alleged departures, he can show neither "cause" nor "prejudice" by his attorney's "failure" to request the departures. Further, Castro does not allege he is innocent. He, therefore, fails the 'miscarriage of justice' test.

The government prays that the court hold an evidentiary hearing on whether Castro directed his attorney to file notice of appeal.

12

Respectfully submitted,

GREGORY A. SERRES
United States Attorney

By: _____
Mark M. Dowd
Assistant United States Attorney
TX Bar No. 06070500
SD Tex ID No. 9314
600 E. Harrison, # 201
Brownsville, TX 78520
(9563) 548-2554

13

## CERTIFICATE OF SERVICE

I, Mark M. Dowd, do hereby certify that a copy of the foregoing Respondent's Motion to Dismiss Motion to Vacate Sentence has been mailed on this the 6th day of September, 2001, via certified mail, return receipt requested to

Mr. Junior Cirilo Castro-Rodriguez
Reg. No. 92269-079
LSCI Allenwood
P.O. Box 1000
White Deer, Pa., 17887-1000

_____
Mark M. Dowd
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br>  Respondent, | §<br>§<br>§ | |
| vs. | §<br>§ | C.R. NO. B-00-004 |
| JUNIOR CIRILO CASTRO-RODRIGUEZ,<br>  Petitioner.<br>(C.A. NO. B-00-191) | §<br>§<br>§ | |

ORDER

It is hereby ORDERED that Petitioner's 'ineffective assistance' claim relating to his claim that his trial counsel failed to file notice of appeal on Castro's behalf be set for an evidentiary hearing on the _____, day of _____, 2001, at ____:_____M.

The United States District Clerk's Office is ORDERED to summon to the hearing the Petitioner's trial counsel, Mauro Barreiro, 3603 W. Alberta Rd., Edinburg, Texas, 78539.

SIGNED this _____ day of _____ 2001.

_____
UNITED STATES DISTRICT JUDGE