17

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

United States District Court
Southern District of Texas
ENTERED

**OCT 2 9 2001**

Michael N. Milby, Clerk of Court
By Deputy Clerk _Linda Marin_

| | | |
|---|---|---|
| JUNIOR CIRILO CASTRO-RODRIGUEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-00-191 |
| | § | CR. NO. B-00-004 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**BACKGROUND**

Junior Cirilo Castro-Rodriguez is a citizen of the Dominican Republic currently

incarcerated at the LSCI Allenwood Federal Penitentiary in White Deer, Pennsylvania.  Castro-

Rodriguez was indicted in the United States District Court for the Southern District of Texas on

January 4, 2000.  In the indictment, Castro-Rodriguez was charged with conspiracy to possess

with intent to distribute a controlled substance and with possession with intent to distribute a

controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).  In March of

2000, Castro-Rodriguez was tried by a jury, resulting in guilty verdicts on both counts.  On June

16, 2000, Castro was sentenced to concurrent 121 month terms of imprisonment to be followed

by concurrent five year terms of supervised release.  No direct appeal was filed by Castro-

Rodriguez or by anyone representing him in his criminal case.

Petitioner Castro-Rodriguez timely filed the present 28 U.S.C. § 2255, invoking this

Court's jurisdiction.  A § 2255 motion "provides the primary means of collaterally attacking a

1

federal conviction and sentence."[1]  Castro-Rodriguez raises four grounds of error in the current

petition:

> 1) Petitioner argues that his right to appeal should be restored on the grounds that his trial counsel rendered constitutionally deficient assistance by failing to file a notice of appeal as directed;

> 2) Petitioner complains his trial counsel rendered constitutionally infirm assistance by failing to advise him that his conviction would be subject to removal from this country;

> 3) Petitioner posits that his trial counsel rendered ineffective assistance of counsel by failing to represent him at his removal proceeding; and

> 4) Petitioner claims that his trial counsel was inadequate because he failed to move for a downward departure at sentencing.

Before this court at this time is only Petitioner's first ground of error.  This Court will

only decide upon Mr. Castro-Rodriguez's claim that his counsel was ineffective in failing to file

a notice of appeal.  Mr. Castro-Rodriguez's proposed remedy of this error is the right to file an

out-of-time direct appeal.

## STANDARD

The constitutional standard for determining whether a criminal defendant has been denied

the effective assistance of counsel, as guaranteed by the Sixth Amendment, was announced by

the Supreme Court in the case of **Strickland v. Washington**:

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components.  First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.  Second, the defendant must show that the deficient performance prejudiced the defense.  This

---

[1] *Jeffers v. Chandler*, 234 F.3d 277, 279 (5th Cir. 2000).

requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.[2]

Therefore, a petitioner must satisfy both prongs of the *Strickland* test in order to establish a valid claim of ineffectiveness.  Additionally, in order to demonstrate that his attorney's performance was constitutionally deficient, a convicted defendant must show that counsel's representation "fell below an objective standard of reasonableness."[3]

The two-part *Strickland* test applies to the performance of counsel on appeal.[4]  Where a defendant is either actually or constructively denied the assistance of counsel on appeal, however, prejudice is presumed.[5]  While it is true that actual or constructive denial of counsel on appeal

---

[2] *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

[3] *See Williams v. Taylor*, 529 U.S. 362, 390-91 (2000); *Darden v. Wainwright*, 477 U.S. 168, 184 (1986); *Strickland v. Washington*, 466 U.S. at 687-88; *Lackey v. Johnson*, 116 F.3d 149, 152 (5th Cir. 1997); *Andrews v. Collins*, 21 F.3d 612, 621 (5th Cir. 1994), *cert. denied*, 513 U.S. 1114 (1995); *Duff-Smith v. Collins*, 973 F.2d 1175, 1182 (5th Cir. 1992), *cert. denied*, 507 U.S. 1056 (1993); and *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992), *cert. denied*, 504 U.S. 992 (1992).

[4] *See United States v. Phillips*, 210 F.3d 345, 348-50 (5th Cir. 2000); *Andrews v. Collins*, 21 F.3d at 625; *Sharp v. Puckett*, 930 F.2d 450, 451 (5th Cir. 1991); *Lofton v. Whitney*, 905 F.2d 885, 887-88 (5th Cir. 1990); and *McCoy v. Lynaugh*, 874 F.2d 954, 962-63 (5th Cir. 1989).

[5] *See Hughes v. Booker*, 220 F.3d 346, 349 (5th Cir. 2000); *White v. Johnson*, 180 F.3d 648, 650 (5th Cir. 1999) (holding that a defendant denied his right to appeal by virtue of his counsel's failure to advise him of his right to appeal, the procedure and time limits involved, and the right to appointed counsel on appeal need not show prejudice); *Jackson v. Johnson*, 150 F.3d 520, 524-25 (5th Cir. 1998), *cert. denied*, 526 U.S. 1041 (1999) (holding that a constructive denial of counsel on appeal occurs only where counsel's ineffectiveness is so egregious as to effectively deny the defendant any meaningful assistance at all); *McDonald v. Johnson*, 139 F.3d 1056, 1058 n.1 (5th Cir. 1998), (recognizing that if petitioner can prove his counsel's ineffective assistance denied him the right to appeal, then he need not establish that he had some chance of success on appeal);  *Salazar v. Johnson*, 96 F.3d 789, 791 (5th Cir. 1996) (ruling that when counsel's errors result in an actual or constructive denial of the assistance of counsel on appeal altogether, as when counsel's errors deny the defendant his right to appeal, the defendant need not prove prejudice under *Strickland*); *United States v. Guerra*, 94 F.3d 989, 994 (5th Cir. 1996) (ruling in the same manner as *Salazar*); *United States v. Riascos*, 76 F.3d 93, 94 (5th Cir. 1996) (stating that complete denial of counsel on appeal, whether actual or constructive, creates a presumption of prejudice); and *Moss v. Collins*, 963 F.2d 44, 47 (5th Cir. 1992), *cert. denied*, 506 U.S. 1055 (1993) (noting that actual or constructive denial of counsel on appeal is legally presumed to result in prejudice).

3

results in a presumption of "prejudice," as that term is defined under the *Strickland* test, a claim of merely ineffective assistance by appellate counsel still requires the petitioner to satisfy the prejudice prong of that test.[6]

## ANALYSIS

After an evidentiary hearing on this matter, this appears to be an unusual case in which constructive denial of counsel on appeal has kept the Petitioner from filing a direct appeal. The Petitioner claims that he demanded a notice of appeal be filed in his case after he was sentenced. Petitioner's trial counsel is unclear as to the exact conversation after the district judge sentenced Castro-Rodriguez. However, trial counsel did remember that Petitioner was unhappy with the sentence and his inquiry into the possibility of appeal. After the initial meeting following sentencing, trial counsel did nothing to follow up on the situation. He had no other meetings with the Petitioner or written correspondence with his client. The record will reflect that Petitioner's trial counsel advised Castro-Rodriguez of the ten-day deadline to file a notice of appeal, but did nothing further to protect his client's right. The ten days came and went, and nothing was done by trial counsel with respect to Mr. Castro-Rodriguez's case.

As stated before, this Court will not examine the other points of error claimed by the Petitioner. Though this is a constitutionally close case with regard to ineffective assistance of counsel, ineffectualness is apparent and the case should be decided in favor of the Petitioner's constitutional right to appeal. In this case, counsel's errors resulted in a denial of the assistance

---

[6] *See Hughes v. Booker*, 220 F.3d at 349 (holding that a petitioner who argues that counsel failed to assert or fully brief a particular claim must show that his attorney's performance was both deficient and prejudicial); *Jackson v. Johnson*, 150 F.3d at 525; *Moss v. Collins*, 963 F.2d at 48; and *Lofton v. Whitley*, 905 F.2d at 887.

of counsel on appeal altogether, so as to deny the defendant his right to appeal, and as such the defendant need not prove prejudice under the *Strickland* test.[7]

## RECOMMENDATION

After a thorough review of the law surrounding ineffective assistance of counsel, it becomes evident that Petitioner's counsel performance after sentencing fell below "reasonably effective."[8] Petitioner should be given the opportunity to file an out-of-time appeal from Criminal Action No. B-00-004. Accordingly, Petitioner's Motion for Relief pursuant to 28 U.S.C. § 2255 should be GRANTED.

A party's failure to file written objections to the proposed findings, conclusion, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[9]

DONE at Brownsville, Texas this 29th day of October, 2001.

Felix Recio
United States Magistrate Judge

---

[7] *See Salazar v. Johnson*, 96 F.3d at 791; *United States v. Guerra*, 94 F.3d at 994; and *United States v. Riascos*, 76 F.3d at 94.

[8] *Strickland v. Washington*, 466 U.S. at 687; *Bullock v. Whitley*, 53 F.3d 697, 700 (5th Cir. 1995).

[9] *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

5